UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AILENA BUSH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>REGIONAL ACCEPTANCE CORPORATION,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:22-cv-00506<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, AILENA BUSH ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of REGIONAL ACCEPTANCE CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business within the Southern District of Texas and the events and/or omissions giving rise to the claims made in this Complaint occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Harris County, Texas, which is located within the Southern District of Texas.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant "is a national auto finance company with over 40 years of lending experience."[1] Defendant is a corporation organized under the laws of the state of North Carolina with its principal place of business located at 1424 East Fire Tower Road, Greenville, North Carolina 27858. Defendant regularly collects upon consumers residing within the state of Texas, as its registered agent – Corporation Service Company, is located at 211 East 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff previously financed the purchase of her personal automobile, a 2016 Ford Explorer, through Defendant.

10. Plaintiff suffers from a variety of medical and physical ailments, and has been deemed disabled.

---

[1] https://www.regionalacceptance.com/

11. As a result, Plaintiff has been rendered unable to work, which has inherently caused many of Plaintiff's financial obligations to go into default, including her monthly payments owed to Defendant ("subject debt").

12. During the winter of 2021, Plaintiff began receiving calls to her cellular phone, (832) XXX-4649, from Defendant.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4649. Plaintiff is and always has been financially responsible for the cellular phone and its services.

14. Defendant has used various phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (409) 229-4096 and (877) 722-7299.

15. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activities.

16. When Plaintiff answer Defendant's phone calls, she is greeted with a pre-recorded and/or automated voice requesting that she wait for the next representative.

17. Upon speaking with a live representative, Plaintiff was informed that Defendant was attempting to collect upon the subject debt.

18. Plaintiff has informed Defendant of her inability to pay, as she is experiencing financial distress as a result of her physical disabilities.

19. Rather than being understanding of Plaintiff's situation, Defendant has persisted with its collection phone calls.

20. Defendant's constant collection calls caused Plaintiff to demand that Defendant cease calling her cellular phone.

21. Plaintiff has reiterated such requests during subsequent phone calls, including on or around February 9, 2022.

22. In response to Plaintiff's request, Defendant's representative informed Plaintiff that unless Plaintiff's request was made in writing, Defendant would continue to place collection calls.

23. In defiance of Plaintiff's requests, Defendant called Plaintiff the very next day – February 10, 2022, and has continued to place dozens of automated calls to Plaintiff's cellular phone through the filing of this action.

24. Seeing no end to Defendant's relentless conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

25. As a result of Defendant's actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, exacerbation of her physical and medical ailments, loss of sleep, aggravation that accompanies collection telephone calls, emotional distress, increased usage of her telephone services, and loss of cellular phone functionality.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system *or* an artificial *or* pre-recorded messages without their consent (emphasis added).

30. Defendant employed pre-recorded and artificial messages when placing calls to Plaintiff's cellular phone. During calls, Plaintiff was greeted by an artificial and pre-recorded message asking Plaintiff to hold for the next available representative.

31. Defendant violated the TCPA by placing over 20 phone calls to Plaintiff's cellular phone using pre-recorded and artificial messages without her consent. Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Plaintiff's demands that it cease contacting her.

32. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was well-aware that Plaintiff did not wish to receive further calls, as evidenced by its representative acknowledging the request, but yet, in defiance of Plaintiff's demands and the law, Defendant continued its onslaught of collection calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, AILENA BUSH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

37. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### i.   Violations of TDCA § 392.302

38. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

39. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone dozens of times after she notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her multiple requests, Defendant persisted with its harassing campaign of phone calls in hopes of extracting payment.

40. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome. Plaintiff

6

then reiterated her demands during a subsequent phone call, but Defendant disregarded these requests and has persisted with its harassing collection efforts.

### ii. Violations of TDCA § 392.304

41. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

42. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting Plaintiff's cellular phone using pre-recorded and artificial voices absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, AILENA BUSH, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 16th day of February, 2022.	Respectfully Submitted,

                                                                               */s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Counsel for Plaintiff, Ailena Bush*